07 CV 5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAINBOW REEFERS LTD.,

                  Plaintiff,

- against -

FISHERMAN STAR LTD.,

                  Defendant.
------------------------------------------------------------X

07 CV _____

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, RAINBOW REEFERS LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, FISHERMAN STAR LTD., (hereafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times a seller and supplier of bunker fuels to ocean going vessels.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times a buyer of bunker fuels and an owner and/or operator of sea going vessels.

4. By a maritime contract for the purchase and sale of bunker fuel dated 11 October 2006, Defendant agreed to purchase a quantity of fuel from Plaintiff, which fuel Plaintiff in fact provided to two different vessels pursuant to Defendant's specific instruction.

5. Notwithstanding that Plaintiff fully performed its obligations under the contract, Defendant has breached the contract inasmuch as Defendant, while not disputing the amount due, has failed to pay Plaintiff the full amount due under the contract.

6. Plaintiff has sustained damages in the total principal amount of $137,962.21, exclusive of interest, attorney's fees and costs, which amounts are specifically recoverable under the bunker supply contract.

7. Despite due demand, Defendant has failed to pay the amounts due and owing under the contract.

8. The contract provides that the sale shall be governed by the laws of the Commonwealth of the Bahamas and, additionally, that Seller may bring suit in any competent court which has jurisdiction over the buyer or the vessel supplied. The contract further provides that seller is entitled to reasonable collection costs, including attorney's fees.

9. Plaintiff shall soon initiate proceedings against Defendant to prosecute Plaintiff's breach of contract claim.

10. Plaintiff expects to recover the following amounts under the final judgment:

| | | |
|---|---|---|
| A. | Principal claim: | $137,962.21 |
| B. | Estimated interest on claim:<br>3 years at 6.5% compounded quarterly | $29,442.18 |
| C. | Estimated attorneys' fees and costs: | $50,000.00 |
| **Total** | | **$217,404.39** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$217,404.39** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       June 20, 2007

>  The Plaintiff,
>  RAINBOW REEFERS LTD.,
>
>  By: *(signature)*
>  Charles E. Murphy (CM 2125)
>  LENNON, MURPHY & LENNON, LLC
>  The Gray Bar Building
>  420 Lexington Ave., Suite 300
>  New York, NY 10170
>  (212) 490-6050
>  facsimile (212) 490-6070
>  cem@lenmur.com

4

## ATTORNEY'S VERIFICATION

State of New York   )
                            )   ss.:   City of New York
County of New York )

1.  My name is Charles E. Murphy.

2.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.  I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4.  I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.  The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.  I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
             June 20, 2007

                                                        Charles E. Murphy

5